**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTREN DIVISON**

---

**GERALDINE WARE,**
*Individually, and on behalf of*
*all other similarly situated current and*
*former employees,*

Plaintiff,                                              **CASE NO. _____**

        v.

**ST. JOHN'S COMMUNITY SERVICES,**
**ST. JOHN'S COMMUNITY SERVICES**            **FLSA Opt-In Collective Action**
**(TENNESSEE), ST. JOHN'S COMMUNITY**
**SERVICES (PENNSYLVANIA),** *and*
**ST. JOHN'S COMMUNITY SERVICES**            **JURY DEMANDED**
**(VIRGINIA),**

Defendants.

---

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

---

       Plaintiff, Geraldine Ware ("Plaintiff"), individually, and on behalf of herself and other similarly situated current and former hourly-paid service specialists, brings this collective action against St. John's Community Services, St John's Community Services (Tennessee), St John's Community Services (Pennsylvania) and St John's Community Services (Virginia), hereinafter ("Defendants"), and alleges as follows:

## I.
## INTRODUCTION

1.  This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid FLSA overtime compensation and other damages owed to Plaintiff and other similarly situated employees who are members of a class as defined herein and who currently are or previously were

employed by Defendants during the three (3) years preceding the filing of the collective action.

## II.
## JURISDICTION AND VENUE

2. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendants in this District during all times relevant to this action, Defendants have regularly conducted and continue to conduct business in this District and have engaged and continue to engage in wrongful conduct alleged herein in this District during all material times in this cause.

## III.
## CLASS DESCRIPTION

4. Plaintiff brings this action on behalf of herself and the following similarly situated persons:

> All current and former hourly-paid employees in the United States who were employed as services specialists by Defendants at any time during the applicable limitations period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is a Named Plaintiff or who elects to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class" or "class members").[1]

## IV.
## PARTIES

5. Defendant St John's Community Services is a District of Columbia Non-Profit Corporation with its principal address at 2201 Wisconsin Avenue Northwest (Suite C150), Washington,

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

DC 20007-4129. Defendant St. John's Community Services has been an "employer" of Plaintiff and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.  According to the Tennessee Secretary of State, Defendant St. John Community Services may be served through its registered agent for service of process: Doug Clark, 789 Stage Hills Blvd., Bartlett. TN 38133-4052.

6.  Defendant St John's Community Services (Tennessee) is a Tennessee Non-Profit Corporation with its principal address at 80 Volunteer BLVD, Jackson, Tennessee 38305-5418. Defendant St. John's Community Services (Tennessee) has been an "employer" of Plaintiff and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action. Defendant St. John Community Services (Tennessee) may be served through its registered agent for service of process: Doug Clark, 789 Stage Hills Blvd., Bartlett. TN 38133-4052.

7.  Defendant St John's Community Services (Pennsylvania) is a Pennsylvania Corporation with its principal address at 1980 Delaware Avenue (Suite 302) Philadelphia, PA. 19125. Defendant St. John's Community Services (Pennsylvania) has been an "employer" of Plaintiff and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C. §203(d), during the relevant period to this action.  Defendant St. John Community Services (Pennsylvania) may be served through its registered agent for service of process: Corporation Service Corporation, 251 Little Falls Drive, Wilmington, Delaware, 19808.

8.  Defendant St John's Community Services (Virginia) is a Virginia Corporation with its principal address at 7611 Little River Turnpike West, Suite 201, Annandale, Virginia 22003. Defendant St. John's Community Services (Virginia) has been an "employer" of Plaintiff and similarly situated employees, as that term is defined in the FLSA, 29 U.S.C.

§203(d), during the relevant period to this action. Defendant St. John Community Services (Virginia) may be served through its registered agent for service of process: Charles H. Nave, 316 Mountain Avenue SW, Roanoke, VA 24016.

9.  Defendants constitute an integrated enterprise as that term is defined in the FLSA, 29 U.S.C § 203(r),

10. Plaintiff Geraldine has been employed by Defendants as an hourly-paid services specialist within this District during all relevant periods herein. (Plaintiff Ware's Consent to Join this Collective Action is attached hereto as *Exhibit A).*

## V.
## ALLEGATIONS

11. Defendants are an integrated enterprise that provide service and support to individuals with disabilities and their families in various counties in Tennessee, Pennsylvania and Virginia.

12. Defendants have been the "employer" of the Plaintiff and class members within the meaning of 29 U.S.C. § 203(d), at all times material to this action.

13. Defendants employed Plaintiff and class members as services specialist and were responsible for establishing and administering their pay, including the applicable FLSA overtime compensation rates of pay, during all times material to this action.

14. The decisions regarding the compensation of Plaintiff and other members of the class, and other terms of employment, were made through a centralized management group during all relevant times.

15. Defendants have, and continue to, employ a timekeeping system for tracking and reporting its hourly-paid employees' work hours.

16. Specifically, Defendants used designed computers or other devices at the homes of disabled clients to which Plaintiff and others similarly situated were assigned as their time keeping system.

17. Such computers were programed *only* to allow Plaintiff and others similarly situated to "clock-in" and record their hours worked at the beginning time of their respective shift and "clock-out" at the ending of their respective shift.

18. Furthermore, Plaintiff and others similarly situated could not "clock-in" and record their hours when performing work duties at homes to which they were not assigned.

19. Plaintiff and others similarly situated had no means to record their compensable work time other than during the period of their assigned shifts at their assigned homes.

20. Defendants did not provide Plaintiff and others similarly situated a log or any other form by which they could record their time to receive compensation for that time spent working outside the hours of their assigned shifts, including a recording of overtime work performed.

21. Defendants have a common plan, policy, and practice of requiring, inducing, expecting and/or, suffering or permitting, Plaintiff and class member to perform work "off the clock," without being compensated for such work in an effort to save on labor costs and remain within their budgeted labor costs.

22. Defendant have had a common plan, policy, and practice of working Plaintiff and class members "off the clock" in a variety of ways during all times material, including but not limited to:

    (a) Performing work duties outside their scheduled shifts without being "clocked-in" to Defendants' timekeeping system, (such as cleaning of homes, picking up supplies and

medications, all without Plaintiff and class members being paid for such "off the clock" work time at the applicable FLSA overtime compensation rates of pay; and/or

(b) Requiring Plaintiff and others similarly situated to perform work duties while Defendants' computer server – used to record their work time – was malfunctioning ("down") without later editing-in such work time into Defendants' timekeeping system, all of which resulted in Plaintiff and class members not being paid for such "off the clock" work time at the applicable FLSA overtime compensation rates of pay; and/or

(c) Requiring Plaintiff and others similarly situated at the end of their assigned shifts to travel from their assigned home to a non-assigned home where designated computer(s) or device(s) would not allow them to "clock-in" to record their compensable time and, perform services specialist work duties to "fill-in" for an another services specialist who failed to show up for work duties, without being able to record such travel time and the work time (including overtime) performed at such non-assigned home; and/or,

(d) Requiring Plaintiff and others similarly situated to administer medication and attend to other critical needs of Defendants' disabled clients during "off-duty" hours without being "clocked-in" to Defendants' timekeeping system, all without Plaintiff and class members being paid for such "off the clock" time at the applicable FLSA overtime compensation rates of pay.

23. Defendants had constructive as well as actual knowledge of Plaintiff and others similarly situated performing such unrecorded work but failed to edit-in such unrecorded compensable work time (including overtime) into their centralized time keeping system. For example,

Defendants had actual knowledge of the shift starting times of each "home" at which time Plaintiff and others similarly situated were required to perform work duties "off-the-clock" until the assigned services specialist "clocked-in" and relieved them from such work duties. However, Defendants failed to edit-in and record the non-assigned "off-the-clock" work time of Plaintiff and others similar situated in such circumstances.

24. Since such aforementioned "off-the-clock" work time was not recorded or edited-in to Defendants' time-keeping system, Plaintiff and others similarly situated were not compensated at the applicable overtime rates of pay for such "off-the-clock" work time within weekly pay periods during all times material to this action. As a result of Defendants' failure to compensate Plaintiff and class members for all their compensable time, Plaintiff and class members are entitled to at least the applicable FLSA overtime compensation rates of pay for all such time.

25. The aforementioned unpaid "off-the-clock" wage claims of Plaintiff and those similarly situated were unified by a common theory of Defendants' FLSA violations.

26. Plaintiff and those similarly situated worked in excess of 40 hours per week (as well as in excess of 80 hours bi-weekly) within weekly pay periods during all times material to this collective action.

27. During all times material, Defendants have had a common plan, policy, and practice of:

    (a) Failing to "edit in" and shifting certain compensable work time of Plaintiff and others similarly situated to future pay periods in order to reduce their overtime compensation in such applicable pay periods.

28. Consequently, Plaintiff and others similarly situated were not paid properly or fully compensated for all their overtime hours at the applicable FLSA overtime rates of pay within weekly pay periods during all times material to this action.

29. As a result, Plaintiff and class members are entitled to at least the applicable FLSA overtime compensation rates of pay for all such unpaid work time.

30. The unpaid wage claims of Plaintiff and class members are unified through a common theory of Defendants' FLSA statutory violations.

31. At all times material to this action, Plaintiff and those similarly situated are or have been "employees" of Defendants as defined by Section 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States within three (3) years preceding the filing of this lawsuit.

32. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

33. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they have been engaged in an integrated enterprise engaged in interstate commerce and their employees have also been engaged an interstate commerce during the applicable statutory period.

34. Defendants have, and continue to, employ hourly-paid services specialists.

35. Plaintiff and putative class members are current or former hourly-paid services specialist employees of Defendants.

36. The net effect of Defendants' aforementioned common plan, policy, and practice of working Plaintiff and class members "off the clock" is that they willfully violated the FLSA and enjoyed ill-gained profits at the expense of Plaintiff and the class.

37. Although at this stage Plaintiff is unable to state the exact amount owed to her and other members of the class, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI.
## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges Paragraphs 1 through 37 above as if they were set forth herein.

39. Plaintiff brings this action on behalf of herself and on behalf of herself and others similarly situated as a class in this collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

40. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

41. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, Plaintiff believes there are several hundred individuals in the putative class.

42. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class work (or have worked) for Defendants as hourly-paid services specialists and were subject to the same operational, compensation, and timekeeping policies and practices,

including not being paid for the aforementioned "off the clock" hours worked at the applicable FLSA overtime compensation rates of pay. As a result, the "off the clock" claims of Plaintiff and class members are unified through common theories of Defendants' FLSA statutory violations.

43. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were required, induced or expected to perform work without compensation during all times relevant;

- Whether Defendants suffered and permitted Plaintiff and other members of the class to perform work without compensation during all times relevant;

- Whether Defendants failed to pay Plaintiff and other members of the class the applicable FLSA overtime compensation rate of pay due them for all hours worked in excess of forty (40) hours per week during all times relevant;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

44. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the members of the class. Plaintiff has no interests adverse to the class, and Plaintiff has retained competent counsel who are experienced in collective action litigation.

45. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual members of the class in a collective action are relatively small in

comparison to the expenses, costs, and burden of the litigation of individual actions, making it virtually impossible for the members of the class to individually seek address for the wrongs done to them.

46. Plaintiff and members of the class have suffered, and will continue to suffer, irreparable damage from the unlawful policies, practices, and procedures implemented by Defendants.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS – OVERTIME
### (On Behalf of the Class)

47. Plaintiff, on behalf of herself and other members of the class, repeats and re-alleges all preceding paragraphs as if they were set forth herein.

48. At all times relevant herein, Defendants have been, and continue to be, an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

49. At all times relevant herein, Defendants have employed (and/or continue to employ) Plaintiff and each of the other members of the class within the meaning of the FLSA.

50. At all times relevant herein, Defendants have had a common plan, policy, and practice of willfully refusing to pay Plaintiff and other members of the class the applicable FLSA overtime compensation for all hours worked, including the aforementioned "off the clock" compensable work time, in excess of forty (40) hours per week within weekly pay periods during the applicable statutory period.

51. At all times herein, Defendants' common plan, policy, and practice of willfully failing to pay Plaintiff and members of the class one and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) per week, has resulted in their claims being unified though common theories of FLSA violations.

52. At all times relevant herein, Defendants have had actual as well as constructive knowledge of willfully refusing to pay Plaintiff and other members of the class for all hours worked, including the aforementioned "off the clock" compensable work time – without a basis of good faith.

53. As a result of Defendants' willfulness and lack of a good faith basis in failing to compensate Plaintiff and other members of the class at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours per work week within weekly pay periods, they have violated and (continue to violate) the FLSA, 29 U.S.C. § 255(a).

54. Due to Defendants' willfulness and lack of a good faith basis for their FLSA violations, Plaintiff and the other members of the class are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

<u>**PRAYER FOR RELIEF**</u>

Whereas, Plaintiff, individually, and on behalf of and all other similarly situated members of the class, requests this Court to grant the following relief against Defendants

A.    Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action, permitting other members of the class to assert timely FLSA claims in this action by filing individual consents under 29 U.S.C. § 216(b);

B.  On Count I, an award of compensation for unpaid overtime wages to Plaintiff and the other members of the class at the applicable FLSA overtime rate of pay.

C.  On Count I, award of liquidated damages to Plaintiff and other members of the class;

D.  On Count I, an award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E.  On Count I, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F.  On Count I, a ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and

G.  Any other general and specific relief that this Court deems just and proper.

<h2 align="center">JURY TRIAL DEMAND</h2>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

Dated: December 2, 2019.                Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #37004)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524

*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*
*nbishop@jsyc.com*

***ATTORNEYS FOR PLAINTIFFS***